# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| TSHEPO MAPHORISA, | : | |
|---|---|---|
| Plaintiff | : | |
| | : | CIVIL NO. 3:CV-09-0781 |
| v. | : | |
| | : | (Judge Caputo) |
| THE WARDEN, CFCF | : | |
| PHILADELPHIA PRISON SYSTEM, | : | |
| Defendant | : | |

# O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

The pro se plaintiff, Tshepo Maphorisa, is an immigration detainee presently confined at the York County Prison, York, Pennsylvania. Maphorisa filed this action pursuant to 42 U.S.C. § 1983, suing the Warden of the CFCF Philadelphia Prison System. Maphorisa claims the Warden illegally detained him from March 30, 2009 until April 9, 2009, without proper authority. Maphorisa claims he either made bail, or all outstanding criminal charges against him were dropped as of March 30, 2009, yet the Warden would not release him. Plaintiff seeks compensatory and punitive damages for each day he was detained without proper authority. (Doc. 1, Complaint).

Venue for civil actions wherein jurisdiction is not founded solely on diversity of citizenship is governed by 28 U.S.C. § 1391(b). Section 1391(b) provides that

venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b).

Plaintiff is currently housed in York County Prison, York, Pa. However, the sole named defendant, the Warden of the Philadelphia Prison, is located in the Eastern District of Pennsylvania. As it appears from the complaint that the events giving rise to this action occurred in the Eastern District, and as the named defendant is located there, the proper venue for this action is thus the Eastern District of Pennsylvania, and we will transfer the matter there. *See* 28 U.S.C. § 1406(a)(when venue is improper, the court may transfer the case to the district court "in which it could have been brought").

Accordingly, this __10th__ day of **June, 2009**, it is ordered that:

1. The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of Pennsylvania.

2. Any decision with respect to Plaintiff's motion to proceed in forma pauperis (doc. 2) will be deferred to the transferee court.

3. The Clerk of Court is directed to close this case.

                                                    **/s/ A. Richard Caputo**
                                                    **A. RICHARD CAPUTO**
                                                    **United States District Judge**